# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| PORTA, INC., | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | NO. 3:18-cv-00526 |
| v. | ) | |
| | ) | JUDGE CAMPBELL |
| HOMELIFT, LLC., | ) | MAGISTRATE JUDGE FRENSLEY |
| | ) | |
| Defendant. | ) | |

## <u>MEMORANDUM</u>

Pending before the Court is Defendant Homelift's Motion for Judgment on the Pleadings. (Doc. No. 23). For the following reasons, Defendant's Motion for Judgment on the Pleadings is **GRANTED**.

## I.    BACKGROUND

Plaintiff seeks attorney's fees arising out of an underlying state action between the parties. Homelift was the defendant in a wrongful death claim. Homelift filed a third-party complaint against Porta seeking indemnification in wrongful death claim. The case was tried by a jury, which allocated fault among Homelift (85%) and Porta (15%). Porta filed a motion for attorney's fees, which was denied by the trial court. The trial court held that it lacked jurisdiction to award attorney's fees and ordered that "Porta, Inc. must commence a separate, independent action to recover its attorney's fees and expenses from Homelift of Nashville, Inc." *Homelift of Nashville, Inc. v. Porta, Inc.*, Case No. 2010-cv-662 (Circuit Ct. for Wilson Cty. Tenn., April 8, 2016) (Doc. No. 24-1). The Tennessee Court of Appeals affirmed the denial of the motion for attorney's fees. *Homelift of Nashville, Inc. v. Porta, Inc.*, Case No. M2016-00894-COA-R3-CV, 2017 WL

3447909 (Tenn. Ct. App. Aug. 11, 2017). However, the Court of Appeals disagreed with the trial court that it lacked jurisdiction to consider the claim for attorney's fees and specifically concluded "that the trial court in this case possessed subject matter jurisdiction." *Id*. at * 3. It then considered the merits of the motion for attorney's fees and concluded that Porta did not satisfy Tennessee Rule of Civil Procedure 9.07, which requires special damages to be specifically stated. *Id*. at *4. The Court of Appeals held that the trial court had properly denied the motion for attorney's fees because Porta did not properly plead for recovery of attorney's fees and expenses and "Homelift was not on notice that Porta intended to seek an award of attorney's fees and expenses at the time of trial." *Id*. at * 4-5.

Defendants argue Plaintiff's claim for attorney's fees is barred by the doctrine of res judicata and, if not barred, Plaintiff is not entitled to attorney's fees because the implied indemnity exception to the American Rule does not apply.

## II. STANDARD OF REVIEW

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). The standard for evaluating a motion for judgment on the pleadings is the same as that applicable to a motion to dismiss under Rule 12(b)(6) for failure to state a claim. *Hayward v. Cleveland Clinic Found*., 759 F.3d 601, 608 (6th Cir. 2014). "In reviewing a motion for judgment on the pleadings, we construe the complaint in the light most favorable to the plaintiff, accept all of the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of the claims that would entitle relief." *Id*. (internal quotation marks and citations omitted). "The factual allegations in the complaint need to be sufficient to give notice to the defendant as to what claims are alleged, and

2

the plaintiff must plead 'sufficient factual matter' to render the legal claims plausible, i.e., more than merely possible." *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) (quoting *Ashcroft v. Iqbol*, 556 U.S. 662, 677 (2009)).

In ruling on a motion under Rule 12(c), the Court may look only at the "pleadings." *Doe v. Belmont Univ.*, 334 F. Supp. 3d 877, 887 (M.D. Tenn. 2018). The term "pleadings" includes both the complaint and the answer, Fed. R. Civ. P. 7(a), and "[a] copy of any written instrument which is an exhibit to a pleading and is a part thereof for all purposes." Fed. R. Civ. P. 10(c). "[M]atters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint[ ] also may be taken into account." *Amini v. Oberlin Coll.,* 259 F.3d 493, 502 (6th Cir. 2001) (quoting *Nieman v. NLO, Inc*., 108 F.3d 1546, 1554 (6th Cir. 1997)).

### III.     ANALYSIS

Res judicata applies where a final judgment on the merits bars further claims by the parties based on the same cause of action. *United States ex rel. Sheldon v. Kettering Health Network*, 816 F.3d 399, 414 (6th Cir. 2016) (citing *Montana v. United States*, 440 U.S. 147, 153 (1979)). When a defense of res judicata is based on a prior state judgment, federal courts apply the law of the state in which the judgment was rendered. *Holbrook v. Shelter Ins. Co*., 186 F. App'x 618, 620 (6th Cir. 2006). "When evaluating whether a state-court judgment bars further claims in a federal forum, federal courts must give the same preclusive effect to a state-court judgment as that judgment receives in the rendering state." *Sheldon*, 816 F.3d at 414.

To assert a defense of res judicata based on a Tennessee judgment, a defendant must show that "(1) a court of competent jurisdiction rendered the prior judgment, (2) the prior judgment was final and on the merits, (3) the same parties or their privies were involved in both proceedings, and

3

(4) both proceedings involved the same cause of action." *Lien v. Couch*, 993 S.W.2d 53, 56 (Tenn. Ct. App. 1998) (citing *Lee v. Hall*, 790 S.W.2d 293, 294 (Tenn. Ct. App. 1980)). "The estoppel of a judgment or decree extends to all matters material to the decision of the cause which the parties exercising reasonable diligence might have brought forward at the time." *McKinney v. Widner*, 746 S.W.2d 699, 706 (Tenn. Ct. App. 1987).

Plaintiff argues that this case is not barred by res judicata because the state trial court denied for lack of jurisdiction and its decision was therefore not "on the merits." Defendant argues that the decision by the Tennessee Court of Appeals addressed the merits of Plaintiff's claim for attorney's fees and found they were properly denied.

The Court agrees that the claim for attorney's fees was decided on the merits by the Tennessee Court of Appeals. The Court of Appeals specifically held that the "trial court in this case possessed subject matter jurisdiction" and then considered "whether Porta properly pled for recovery of attorney's fees and expenses." *Homelift*, 2017 WL 3447909, at * 3. The court stated that in Tennessee, a party seeking attorney's fees has "the obligation of specially pleading such an item of damages." *Homelift*, 2017 WL 3447909, at * 3. (citing *Marshall v. First Nat'l Bank of Lewisburg*, 622 S.W.2d 558, 561 (Tenn. Ct. App. 1981). The court noted that in certain instances failure to specifically request attorney's fees in a pleading does not preclude such an award, but held that this was not such a case. *Id*. at * 4. Ultimately, the court held that "Porta's post-trial motion, raising for the first time an entitlement to attorney's fees under the exceptions to the American Rule …, was insufficient to satisfy Rule 9.07." *Id*. The Court of Appeals decision was, therefore, on the merits for purposes of res judicata.

Plaintiff does not dispute that the remaining elements of res judicata have been met in this

case. The claim was decided by a court of competent jurisdiction, the Tennessee Court of Appeals. The state court case involved the identical parties. Both proceedings involved the same cause of action – a claim for attorney's fees.

## IV. CONCLUSION

For the reasons stated above, the Court finds that Plaintiff's claim for attorney's fees was the subject of a final decision on the merits in state court and is res judicata. Defendant's Motion for judgment on the pleadings (Doc. No. 23) is **GRANTED** and this case is **DISMISSED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE